CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 22 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>v.<br><br>DAVID WILLIAM BROWN,<br><br>DEFENDANT. | CRIMINAL NO.: 7:02CR00024<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

In 2002, a jury found David William Brown guilty of possessing stolen firearms in violation of 18 U.S.C. § 922(j) and possessing those firearms after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The court found that Brown was subject to an enhanced penalty under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA") for the § 922(g)(1) offense because Brown had previously been convicted of at least three violent felonies, and the court imposed concurrent 262 month sentences. This is a motion pursuant to 28 U.S.C. § 2255 seeking to set aside those sentences and claiming that Brown is not subject to the enhanced penalty under the ACCA based on recent Supreme Court precedent, and that the sentence the court imposed for the stolen firearms offense exceeded the statutory maximum. Brown argues that although "as a matter of law, the instant motion is not timely [under 28 U.S.C. § 2255(f)]," the court should nevertheless not apply § 2255's one-year statute limitations to bar his claims. (See Brown's Pet. 13.) He contends: (1) that because the relief he seeks from the enhanced penalty the court imposed under the ACCA was not "previously available," the savings clause of § 2255 allows him to bring a 28 U.S.C. § 2241 petition or his current motion because § 2255

would otherwise be "inadequate or ineffective to test the legality of his detention" and (2) that "a miscarriage of justice [would] occur should the court strictly enforce the procedural rules . . . [on his claim challenging his sentence for the stolen firearms offense,] as it is clear that the district court sentenced [him] to eleven years in excess of the statutory maximum for this crime."

The court finds Brown's reasoning flawed at a number of levels but rejects his arguments for the most basic reasons. First, even if the court were to measure the one-year statute of limitations from the change in the law Brown relies on to challenge the enhanced penalty under the ACCA, Brown still filed his § 2255 motion nearly two years late. And, at the most fundamental level, even with the benefit of the most recent precedent, Brown is still subject to the enhanced penalty the court imposed. Second, the sentence the court imposed for the stolen firearms offense does not result in a miscarriage of justice because the sentence is concurrent with a sentence of equal length. Thus, Brown is not serving a sentence longer than he would otherwise serve. Accordingly, the Court dismisses Brown's petition.

I.

On March 20, 2002, the grand jury returned a four count indictment against Brown and three others for committing various firearm offenses in February of that year. Count one charged Brown and his codefendants with knowingly possessing and disposing of approximately thirty-seven stolen firearms that had been shipped or transported in interstate or foreign commerce in violation of 18 U.S.C. § 922(j) and count two charged that, in violation of 18 U.S.C. § 922(g)(1), Brown had previously been convicted of a felony when he possessed those firearms. A jury found Brown guilty on both counts.

According to Brown's presentence report, Brown had more than the required three previous convictions for violent felonies committed on occasions different from one another,

qualifying him for an enhanced sentence under ACCA: four statutory burglaries (which included three residential burglaries) and a larceny from the person. Brown objected to the report's determination that he was subject to an enhanced penalty, but the court found that he was and overruled his objection. On September 9, 2002 the court sentenced Brown to concurrent sentences of 262 months. Brown did not appeal. However, nearly eight years later, on February 9, 2011, Brown filed his current § 2255 motion challenging his sentence.

## II.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a mandatory one-year statute of limitations period for § 2255 motions which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court entered Brown's judgment order on September 16, 2002. Because Brown did not appeal, his conviction became final ten days later on September 26, 2002, and the one-year statute of limitations under § 2255 ran on September 26, 2003. Brown argues that Begay v. United States, 553 U.S. 137 (2008), changed the law, such that, to qualify as a predicate offense, an offense must be "purposeful, aggressive and violent." Brown claims he can prove that his offenses did not meet this standard. The problem with Brown's argument is two-fold.

First, the Supreme Court decided Begay on April 16, 2008, and Brown, by his own account, became aware of the decision that year but nevertheless waited until February 2011 to mount his current challenge to his enhanced penalty. Even if the court were to decide that it was required to apply Begay retroactively, Brown's motion still would be nearly twenty-two months late.

Second, and more fundamentally, Begay offers Brown no support. Section 924(e)(2)(B)(ii) lists, in part, offenses that qualify as violent felonies and, therefore, serve as predicate offenses. This list includes "burglary, arson, or extortion, . . . [or offenses involving the] use of explosives, or otherwise [involving] conduct that presents a serious potential risk of physical injury to another[.]" § 924(e)(2)(B)(ii). In Begay, the Court held that the New Mexico felony offense of driving under the influence of alcohol was not a "violent felony" within the meaning of § 924(e)'s "residual clause," qualifying it as a predicate offense, simply because it involved conduct that presented a serious risk of physical injury to another. Begay, 553 U.S. at 147-48. Instead, the Court explained that 924(e)'s "listed examples-burglary, arson, extortion, or crimes involving the use of explosives-illustrate the kinds of crimes that fall within the statute's scope. Their presence indicates that the statute covers only *similar* crimes rather than *every* crime that 'presents a serious potential risk of physical injury to another'." Id. at 142 (quoting § 924(e)(2)(B)(ii)). But neither Begay, nor later Supreme Court precedent, suggest that generic burglary no longer qualifies as a predicate offense. See United States v. Brown, 398 Fed. App'x 865, 869 (4th Cir. 2010).[1] Here, Brown was and remains subject to the enhanced penalty the

---

[1] Larceny from the person continues to qualify as a predicate offense, as well. See United States v. Turner, 2010 WL 4643334, at *1 (4th Cir. Nov. 17, 2010); United States v. Jarmon, 596 F.3d 228 (4th Cir. 2010) (noting that larceny from the person under North Carolina law resembles the enumerated offense of burglary both in kind and in degree of risk, and therefore constitutes a "crime of violence" under the "otherwise" clause of the career offender sentencing guidelines, UNITED STATES SENTENCING GUIDELINES § 4B1.2(a), which for all intents and purposes mirror the ACCA's definition of "violent felony").

4

court imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the court rejects his challenge to that sentence.

### III.

Brown correctly notes that the court imposed a sentence that exceeded the statutory maximum for his § 922(j) offense. Nevertheless, the court sentenced Brown to a concurrent sentence, meaning that he will not have to serve a sentence greater than he will otherwise serve for the § 922(g)(1) offense. Accordingly, there is no miscarriage of justice, and the court denies him further relief. See United States v. Ellis, 326 F.3d 593, 599-600 (4th Cir. 2003) (holding that a sentence exceeding statutory maximum by twenty years did not affect substantial rights because defendant received equal or longer concurrent sentences on the other counts); United States v. Burns, 298 F.3d 523, 544-45 (6th Cir. 2002) (holding that sentencing error did not affect the tenants' substantial rights because it did not result in longer term of imprisonment). Accordingly, the court also rejects Brown's request for relief in the concurrent sentencing the court imposed under § 922(j).

### IV.

For the reasons stated, the court denies Brown's motion for relief pursuant to 28 U.S.C. § 2255.

**ENTER:** This March 22, 2011.

_____
United States District Court Judge